IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TRAVIS M.,**

    **Plaintiff,**

    v.

                        Civil Action 1:22-cv-583
                        Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Application to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, Plaintiff's Application is **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id.* at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.*

Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014). Courts also "consistently consider[] his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members, as well as equity in real estate and automobiles." *Levet v. Comm'r of Soc. Sec.*, No. 1:14-cv-1379, 2014 WL 3508893, at *2 (S.D. Ohio July 14, 2014) (internal quotation marks and citations omitted).

Here, the information set forth in Plaintiff's *in forma pauperis* application does not demonstrate his inability to pay. Rather, it demonstrates that he has significant valuable assets, including, *inter alia*, $2,010.00 in cash on hand, a home valued at $270,000.00, a boat valued at $9,000.00, and a farm valued at $200,000.00. (ECF No. 1 at PAGEID # 3.) Plaintiff's application also establishes that Plaintiff's spouse earns $3,400.00 per month, which equates to $40,800 annually – placing Plaintiff's household income at more than twice the poverty level of income for a family of two.[1] *See Schottenstein v. City of Bexley*, No. 2:20-CV-6133, 2021 WL 431459, at *1 (S.D. Ohio Jan. 5, 2021), *report and recommendation adopted*, No. 2:20-CV-6133, 2021 WL 427159 (S.D. Ohio Feb. 8, 2021) (denying motion to proceed *in forma pauperis* where Plaintiff's income was more than twice the poverty level); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-14424, 2012 WL 5457383, at *1 (E.D. Mich. Nov. 8, 2012) (same).

In short, this is not a case where the filing fee poses an undue hardship. Rather, this is a case in which Plaintiff must "'weigh the financial constraints posed by pursuing [his] complaint

---

[1] A review of the 2022 Federal Poverty Guidelines available at aspe.hhs.gov indicates that the poverty guideline for a three-person household is an annual income of $18,310.00, before taxes.

against the merits of [his] claims.'" *Hines v. Comm'r of Soc. Sec. Admin.,* No. 5:17CV2332, 2017 WL 6047651, at *2 (N.D. Ohio Dec. 7, 2017) (quoting *Levet*, 2014 WL 3508893, at * 2 (quoting *Behmlander*, 2012 WL 5457466, at *2); *see also Brown v. Dinwiddie*, 280 Fed.Appx. 713, 715-16 (10th Cir. 2008) (denying application where plaintiff had $850 in savings account and could thus afford the $455 filing fee for his appeal).

Accordingly, the Court finds that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself. Accordingly, Plaintiff's Application is **DENIED.** Plaintiff shall remit the full filing fee ($402.00) within **FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**. Plaintiff is **ADVISED** that his failure to pay the filing fee as directed may result in the dismissal of this action for failure to prosecute. The Court further notes that should Plaintiff succeed in this action, he may be entitled to reimbursement for the monies paid toward the $402 filing and administrative fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

Date:   November 14, 2022                     /s/ *Elizabeth A. Preston Deavers*
                                              ELIZABETH A. PRESTON DEAVERS
                                              UNITED STATES MAGISTRATE JUDGE